# Exhibit A

# SUMMONS - CIVIL

JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT
SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street, Hartford, CT 06103 | (860) 548-2700 | November 21, 2023 |

| | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|
| ☒ Judicial District ☐ G.A. Number: ☐ Housing Session | Hartford | Major: M   Minor: 90 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | 419987 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| (860) 296-3457 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes ☐ No | Email address for delivery of papers under Section 10-13 (if agreed to) mreilly@cicchielloesq.com |
|---|---|---|

Number of Plaintiffs: 1    Number of Defendants: 1    ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Paul Caruso<br>Address: c/o: Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: Hartford Healthcare Corporation<br>Address: 100 Pearl Street, 2nd Floor, Hartford, CT 06103 | D-01 |
| Additional Defendant | Name: Agent: Corp. Service Company, Goodwin Square, 225 Asylum Street, 20th Fl., Hartford, CT 06103<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left: Michael J. Reilly | Date signed: 10/23/2023 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

**For Court Use Only**
File Date

A TRUE COPY ATTES[T]
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. Do not use this form for the following actions:

   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters).
   (b) Summary process actions.
   (c) Applications for change of name.
   (d) Probate appeals.
   (e) Administrative appeals.
   (f) Proceedings pertaining to arbitration.
   (g) Any actions or proceedings in which an attachment, garnishment or replevy is sought.

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at www.jud.ct.gov/ADA.

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description | Major Description | Codes Major/Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
|  | C 10 | Construction - State and Local |  | T 03 | Defective Premises - Private - Other |
|  | C 20 | Insurance Policy |  | T 11 | Defective Premises - Public - Snow or Ice |
|  | C 30 | Specific Performance |  | T 12 | Defective Premises - Public - Other |
|  | C 40 | Collections |  | T 20 | Products Liability - Other than Vehicular |
|  | C 90 | All other |  | T 28 | Malpractice - Medical |
| Eminent Domain | E 00 | State Highway Condemnation |  | T 29 | Malpractice - Legal |
|  | E 10 | Redevelopment Condemnation |  | T 30 | Malpractice - All other |
|  | E 20 | Other State or Municipal Agencies |  | T 40 | Assault and Battery |
|  | E 30 | Public Utilities & Gas Transmission Companies |  | T 50 | Defamation |
|  | E 90 | All other |  | T 61 | Animals - Dog |
|  |  |  |  | T 69 | Animals - Other |
| Miscellaneous | M 00 | Injunction |  | T 70 | False Arrest |
|  | M 10 | Receivership |  | T 71 | Fire Damage |
|  | M 20 | Mandamus |  | T 90 | All other |
|  | M 30 | Habeas Corpus (extradition, release from Penal Institution) | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
|  | M 40 | Arbitration |  | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
|  | M 50 | Declaratory Judgment |  | V 05 | Motor Vehicles* - Property Damage only |
|  | M 63 | Bar Discipline |  | V 06 | Motor Vehicle* - Products Liability Including Warranty |
|  | M 66 | Department of Labor Unemployment Compensation Enforcement |  | V 09 | Motor Vehicle* - All other |
|  |  |  |  | V 10 | Boats |
|  | M 68 | Bar Discipline - Inactive Status |  | V 20 | Airplanes |
|  | M 70 | Municipal Ordinance and Regulation Enforcement |  | V 30 | Railroads |
|  | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |  | V 40 | Snowmobiles |
|  |  |  |  | V 90 | All other |
|  | M 83 | Small Claims Transfer to Regular Docket |  |  | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
|  | M 84 | Foreign Protective Order |  |  |  |
|  | M 90 | All other |  |  |  |
| Property | P 00 | Foreclosure |  |  |  |
|  | P 10 | Partition | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
|  | P 20 | Quiet Title/Discharge of Mortgage or Lien |  | W 90 | All other |
|  | P 30 | Asset Forfeiture |  |  |  |
|  | P 90 | All other |  |  |  |

| | |
|---|---|
| RETURN DATE: NOVEMBER 21, 2023 : | SUPERIOR COURT |
| PAUL CARUSO : | JUDICIAL DISTRICT |
| VS. : | OF HARTFORD |
| HARTFORD HEALTHCARE : | |
| CORPORATION : | OCTOBER 23, 2023 |

## COMPLAINT

**FIRST COUNT:**          **DISABILITY DISCRIMINATION – C.G.S. § 46a-60(b)(1)**

1. The Plaintiff in this matter, Paul Caruso ("Plaintiff"), was at all times relevant to this Action a resident of Meriden, State of Connecticut.

2. The Defendant, Hartford Healthcare Corporation is a domestic organization organized under the laws of Connecticut, with a business address of 100 Pearl St., Hartford, CT 06103.

3. Defendant operates an IT department located at 79 Jefferson Street in Hartford, Connecticut.

4. Plaintiff commenced his employment with Defendant at the aforementioned Jefferson Street location on or about April 3, 2018, in the position of IT Analyst.

5. Throughout his employment with Defendant, Plaintiff's job responsibilities included, *inter alia*, imaging computers, troubleshooting computers, setting up new workstations, patching/activating jacks, and handling calls/queues/tickets for resolving technology issues.

6. Throughout his employment with Defendant, Plaintiff reported to his supervisor, Richard Hernandez ("Hernandez").

7. Plaintiff is diabetic.

8. Starting in 2009, Plaintiff began suffering from kidney failure resulting from his diabetes.

9. Plaintiff ultimately necessitated a kidney transplant in or about September 2012.

10. Additionally as a result of his diabetes, Plaintiff developed an AV fistula in his left arm, necessitating a surgery to remove the same on or about March 18, 2022.

11. As a result of this surgery, Plaintiff required time out of work through approximately April 18, 2022.

12. Plaintiff notified Defendant of his need for leave and his physician continuously provided Defendant with notes outlining his anticipated return to work date.

13. On or about April 18, 2022, approximately one month following Plaintiff's return to work, Hernandez contacted emergency services to transport Plaintiff to the hospital for a psychiatric evaluation, stating that Plaintiff was suicidal.

14. Around this time, Plaintiff also began to experience gastrointestinal issues.

15. On or about April 25, 2022, Plaintiff was diagnosed with acute illness by gastroenterologist Dr. Cary Caldwell.

16. Dr. Caldwell took Plaintiff out of work until April 28, 2022, on which date Plaintiff attempted to give Hernandez a doctor's note excusing the prior three days of missed work.

17. Hernandez refused to accept a physical copy of the doctor's note.

18. At this point, Plaintiff also requested to be assigned to work at the IT department's help desk on account of his ongoing symptoms related to his disabilities and medical conditions.

19. After receiving no meaningful response from Hernandez regarding this request, Plaintiff contacted Defendant Human Resources department via phone and spoke to Katie O'Brian.

20. Plaintiff requested a meeting with the HR department to discuss accommodations related to his diabetes and diabetes-related medical complications.

21. The plaintiff then worked without issue the following week.

22. On or about May 6, 2022, Plaintiff was terminated from his employment with Defendant. Hernandez and an HR representative, Mark Bramow, were on the termination call. They cited "attendance issues" as the motivation for Plaintiff's termination.

23. Defendant, through the foregoing conduct discriminated against Plaintiff on the basis of his medical disability, terminated his employment to avoid providing him with a reasonable accommodation for his medical disability, and/or terminated him because he had requested an accommodation and taken leave in connection with his medical disability, all in violation of Conn. Gen. Stat. § 46a-60(b)(1).

24. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

25. Plaintiff filed a timely administrative complaint against Defendant with the Connecticut Commission on Human Rights and Opportunities, and thereafter received a release of jurisdiction letter therefrom, a copy of which is appended hereto as Exhibit A. This Action is brought within 90 days of receipt of said release of jurisdiction letter. As such, Plaintiff has exhausted all administrative remedies, and this Action is timely.

**SECOND COUNT:**      **FMLA INTERFERENCE – 29 U.S.C. § 2612,** *et seq.*

1. The Plaintiff repeats and realleges Paragraphs 1 through 22 of the First Count as Paragraphs 1 through 22 of this Second Count, as if fully set forth herein.

23. Defendant is an "employer" within the meaning of the Family and Medical Leave Act ("FMLA").

24. Plaintiff was an eligible employee within the meaning of the FMLA.

25. Defendant was aware that Plaintiff's medical condition(s) constituted a "serious medical condition" within the meaning of the FMLA.

26. Defendant interfered with Plaintiff's rights under the FMLA in one or more of the following ways:

    a. It failed to notify him that he was an eligible employee under the FMLA upon his request for qualifying leave, in violation of 29 C.F.R. §825.300(b)(1);

    b. It failed to count his leave as leave under the FMLA or advise him whether his leave was counted as leave under the FMLA;

    c. It failed to notify him that he was entitled to a protected leave under the FMLA;

    d. It failed to inform him what was necessary for him to do in order to secure a protected leave under the FMLA;

    e. It failed to provide him with a "Rights and Responsibilities Notice" as required by 29 C.F.R. § 825.300(b)(1);

    f. It failed to provide him with a "Designation Notice" as required by 29 C.F.R. § 825.300(d);

    g. It failed to provide him with an "Eligibility Notice" as required by 29 C.F.R. § 825.300(b)(1);

    h. It failed to restore him to his position following a protected leave under the FMLA.

27. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment

into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

WHEREFORE, Plaintiff prays for the following relief:

1. Money damages;

2. Reinstatement, or in lieu thereof, front pay;

3. Punitive Damages;

4. Liquidated damages;

5. Attorneys' fees and costs of this Action; and

6. All other awardable relief.

          THE PLAINTIFF
          PAUL CARUSO

          BY: _____
          Michael J. Reilly, Esq.
          CICCHIELLO & CICCHIELLO, LLP
          364 Franklin Avenue
          Hartford, CT 06114
          Phone: 860-296-3457
          Fax: 860-296-0676
          Juris: 419987
          Email: mreilly@cicchielloesq.com

A TRUE COPY ATTEST
KEITH D. NZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

| | |
|---|---|
| RETURN DATE: NOVEMBER 21, 2023 : | SUPERIOR COURT |
| : | |
| PAUL CARUSO | JUDICIAL DISTRICT |
| : | |
| VS. | OF HARTFORD |
| : | |
| HARTFORD HEALTHCARE : | |
| CORPORATION : | OCTOBER 23, 2023 |

### STATEMENT OF AMOUNT IN DEMAND

The amount in demand exceeds $15,000.00, excluding costs and interests.

THE PLAINTIFF
PAUL CARUSO

BY: _____
Michael J. Reilly, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: 860-296-3457
Fax: 860-296-0676
Juris: 419987
Email: mreilly@cicchielloesq.com

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

# EXHIBIT A

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**



Paul Caruso
**COMPLAINANT**

CHRO No. 2310218
EEOC No. 16A-2022-00452

v.

Hartford Healthcare Corporation
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Complainant resides or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought in accordance with this release must be served on the Commission by email at ROJ@ct.gov or by regular U.S. mail at 450 Columbus Blvd. – Suite 2, Hartford, CT 06103 at the same time all other parties are served. Service by email is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** September 19, 2023

_____
Tanya A. Hughes, Executive Director

cc:   Michael J. Reilly, via email: mreilly@cicchielloesq.com
      David R. Jimenez, Esq., via email: david.jimenez@jacksonlewis.com
      Trisana N. Spence, Esq., via email: trisana.spence@jacksonlewis.com